UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

    –v–

Frank Lopez,

              Defendant.

20-cr-84 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

## I. BACKGROUND

On February 20, 2020, a grand jury in this District returned an Indictment in the above-captioned case, which charged Defendant Frank Lopez with murder through the use of a firearm and aiding and abetting the same, in violation of Title 18, United States Code, Sections 924(j)(1) and 2, and murder in connection with a drug crime, in violation of Title 21, United States Code, Section 848(e)(1)(A). The charges in this case arise from a June 2000 shooting Mr. Lopez is alleged to have committed and the subsequent death of the shooting victim 10 years later. Mr. Lopez was arraigned on these charged and pleaded not guilty before Magistrate Judge Fox on March 3, 2020, *see* Dkt. No. 14, and he was detained on consent without prejudice to later making a bail application. On May 18, 2020, Mr. Lopez submitted a bail application, which the Government opposes. For the reasons that follow, Mr. Lopez's bail application is DENIED.

## II. DISCUSSION

### A. Legal Framework

1

The Court shall, "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning":

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

If, after considering the available information, the Court concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," it "shall order the detention of the person before trial." *Id.* § 3142(e)(1). Where, as here, there is probable cause to believe that the defendant has violated 21 U.S.C. § 848(e)(1)(A) or 18 U.S.C. § 924(j), "it shall be presumed," subject to rebuttal by the defendant, "that no condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of the community." 18 U.S.C § 3142(e)(3)(A) and (B).

### B. Mr. Lopez Has Not Rebutted the 18 U.S.C. § 3142(e) Presumption

The parties agree that the presumption in 18 U.S.C. § 3142(e) applies here. *See* Br. At 14; Opp. at 2–3. Accordingly, the Court presumes that no condition or combination of conditions will reasonably assure Mr. Lopez's appearance and the safety of the community.

In assessing the danger Mr. Lopez poses to the community, the Court considers the following: Mr. Lopez is charged in the Indictment with capital-eligible murder. *See* Dkt. No. 2. ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ███████████████████████ Furthermore, Mr. Lopez has seven criminal convictions, primarily for narcotics-related offenses, and numerous disciplinary infractions from his time spent in incarceration, including for possession of a dangerous weapon and assault. *See id.* at 4–5; *see also* Gov. Exs. D, E.

In addition, the Court considers evidence proffered by the Government that tends to demonstrate that Mr. Lopez is a flight risk. Not only has he failed to attend court proceedings and absconded from parole in the past, *see* Opp. at 5–6; *see also* Ex. D, but he also faces the possibility of life imprisonment or even death for these capital-eligible charges, the prospect of which creates an incentive to flee.

Mr. Lopez attempts to rebut the presumption of detention in 18 U.S.C. § 3142(e) by offering evidence of his rehabilitation over the 20 years that have elapsed since the conduct charged in the Indictment. *See* Br. at 5–8. He further argues that the combination of his medical conditions—which include PTSD, hypertension, and asthma—the COVID-19 pandemic, and the conditions at the Metropolitan Detention Center, where he is currently detained, "mandate" his release on bail, *id.* at 8–13, and that his strong ties to the community undermine any evidence of risk of flight, *id.* at 15.

3

The Court acknowledges the very real and serious risk that COVID-19 poses to incarcerated individuals, like Mr. Lopez, who suffer from underlying health conditions, and it commends the efforts at rehabilitation that Mr. Lopez has exhibited. However, it cannot conclude, in light of the very serious nature of the charges, the strength of the government's case, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ his past criminal history and disciplinary record while incarcerated, and the evidence the Government has proffered of his risk of flight, including that he faces extremely serious punishment for these capital-eligible charges, that Mr. Lopez has rebutted the presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community. Accordingly, the Court concludes that Mr. Lopez has failed to rebut the presumption in 18 U.S.C. § 3142(e) and therefore orders that he remain detained. *See* 18 U.S.C. § 3142(e)(1).

### III. CONCLUSION

Because the Court concludes that Mr. Lopez has not rebutted the presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community, his bail application is DENIED.

The Court hereby ORDERS that by June 1, 2020, the parties shall file proposed redactions to their briefing on this application—which they submitted to the Court by email—on ECF. This order will be maintained under seal until June 1, 2020. If the parties deem any redactions to it necessary, they shall propose such redactions by that date.

SO ORDERED.

Dated: May 27, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge